UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

| | | |
|---|---|---|
| BALANCED BODY, INC., | : | No. 5:26-cv-5061 |
| Plaintiff, | : | |
| v. | : | **COMPLAINT AND JURY DEMAND** |
| BLACK HILLS CORE COLLECTIVE, LLC | : | |
| Defendant, | : | |

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

Plaintiff, Balanced Body, Inc., for its Complaint against Defendant, Black Hills Core Collective, LLC, states and alleges:

**PARTIES**

1.     Plaintiff, Balanced Body, Inc. ("Balanced Body"), is a California corporation with its principal place of business in Sacramento, California.

2.     Defendant, Black Hills Core Collective, LLC ("BHCC"), is a South Dakota limited liability company with its principal place of business in Rapid City, South Dakota.

**JURISDICTION AND VENUE**

3.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has general and specific personal jurisdiction over BHCC.  BHCC's principal place of business is in South Dakota, and the claims against BHCC arise from BHCC's regular and continuous conduct in South Dakota.

Case No.
Complaint

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because BHCC resides in this district and has committed acts of infringement in this district while maintaining a regular and established place of business in this district.

**FACTS**

6.      Balanced Body was founded in 1993 by Ken Endelman, who has been making reformers since 1976.  A reformer is a stationary apparatus commonly used in Pilates exercises.  Traditional reformers feature a rectangular frame made of wood or metal, which supports two parallel rails or tracks.  A wheeled carriage glides along these tracks and is attached near the foot end of the frame by one or more coil springs, providing adjustable resistance.  Pilates exercises on the reformer focus on core stabilization.  The user sits or lies on the carriage and pushes against a foot bar at the end of the frame, moving the carriage back and forth to engage and strengthen core muscles.

7.      Balanced Body is a leading innovator in the field of Pilates equipment and has invested significant resources in the development and commercialization of its patented technology.

8.      Balanced Body manufactures, markets, and sells various products, including reformers, Pilates chairs, trapezes, and towers, as well as other tools and accessories.  With respect to reformers, Balanced Body designs, manufactures, and sells multiple models of reformers in the United States.

9.      Balanced Body is the owner and assignee of all rights in the following patents: U.S. Patent Nos. D659,205 ("D'205 Patent"); D659,206 ("D'206 Patent"); D659,208 ("D'208 Patent"); 8,721,511 ("'511 Patent"); 8,915,829 ("'829 Patent"); 9,132,311 ("'311Patent"); and 9,289,645 ("'645 Patent") (collectively, "the Asserted Patents").

2

4916-6585-6938, v. 1

Case No.
Complaint

10.    The Asserted Patents were duly issued by the United States Patent and Trademark Office ("USPTO") and are presumed valid under 35 U.S.C. § 101 et. seq.

11.    The Asserted Patents cover innovations that improve the aesthetic features, usability, and safety of the reformer apparatus.

12.    Balanced Body makes, uses, sells, and offers for sale products embodying the Asserted Patents and properly marks all such products under 35 U.S.C. § 287.

13.    Balanced Body has faced the serious issue of foreign manufacturers producing and shipping infringing reformers into the United States, where these unauthorized products are sold at a fraction of the cost of genuine goods.  This unlawful conduct not only undermines Balanced Body's brand reputation but also causes significant financial harm to Balanced Body's business.  Recognizing the severity of the problem, in August 2025, the International Trade Commission issued a general exclusion order prohibiting the importation of products that infringe the '511 and D'208 Patents, and a limited exclusion order barring entry of products infringing the D'205 Patent.  *See Exercise Equipment and Subassemblies Thereof*, Inv. No. 337-TA-1419 (Aug. 11, 2025) (Violation).  Despite these clear legal protections, infringing knockoffs continue to flood the U.S. market.

14.    BHCC is unlawfully using one or more of these knockoff products, flagrantly disregarding Balanced Body's patent rights and further compounding the damage to Balanced Body's business.

15.    Since mid-February 2026, BHCC has infringed and continues to infringe the Asserted Patents.  BHCC's infringing acts include, but are not limited to, the use of knockoff Pilates reformer machines, including knockoffs of Balanced Body's Allego 2 reformer, that infringe the Asserted Patents ("Infringing Products").

3

4916-6585-6938, v. 1

Case No.
Complaint

16.    Exemplary Infringing Products are depicted below in the images that appear on

BHCC's website, Instagram account, and Facebook page.

**INFRINGING IMAGE 1**



4

Case No.
Complaint

**INFRINGING IMAGE 2**



**INFRINGING IMAGE 3**



Case No.
Complaint

**INFRINGING IMAGE 4**

**INFRINGING IMAGE 5**





6

4916-6585-6938, v. 1

Case No.
Complaint

**INFRINGING IMAGE 6**                    **INFRINGING IMAGE 7**





7

Case No.
Complaint

**INFRINGING IMAGE 8**



**INFRINGING IMAGE 9**



4916-6585-6938, v. 1

Case No.
Complaint

17.    BHCC infringement of the Asserted Patents is willful.  On March 4, 2026, Balanced Body's legal counsel sent a cease-and-desist letter ("March 4 Letter") to BHCC providing it with actual notice that its Pilates studio was utilizing nine new reformers that infringe at least one claim of each of the Asserted Patents.  Attached Ex. A.  Balanced Body informed BHCC that it could not continue to use the Infringing Products and offered to replace the knockoff reformers with real Balanced Body Allegro 2 reformers.  *Id.*

18.    On March 13, 2026, BHCC acknowledged receipt of the March 4 Letter, but did not agree to cease using the Infringing Products.

19.    On March 16, Balanced Body again advised BHCC that the Infringing Products could not be used indefinitely and offered to remove the Infringing Products and replace them with Balanced Body reformers.

20.    On March 19, 2026, BHCC acknowledged receiving Balanced Body's March 16 correspondence and stated it would follow up when it had more information.

21.    On April 7, 2026, Balanced Body requested a substantive response to its demands and set a deadline of April 10, 2026, for a response.

22.    On April 9, 2026, BHCC again acknowledged Balanced Body's position, stated that it needed more time to respond, and promised to follow up in the future.  Despite its promise, BHCC has discontinued its correspondence with Balanced Body.

23.    Accordingly, at least as early as March 4, 2026, BHCC has had actual knowledge of Balanced Body's Asserted Patents and that Balanced Body contends that BHCC's counterfeit reformers infringe the Asserted Patents.  Despite this knowledge, BHCC continues to use the Infringing Products.

4916-6585-6938, v. 1

Case No.
Complaint

## Count 1:  Infringement of U.S. Design Patent No. D659,205

24.      Balanced Body realleges and incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

25.      U.S. Patent No. D659,205 ("D'205 Patent"), titled "Reformer Exercise Apparatus," was duly and legally issued by the USPTO on May 8, 2012, as shown in attached Exhibit B.

26.      The invention of the D'205 Patent relates to the ornamental design for a new reformer exercise apparatus.  Views of the reformer exercise apparatus design are depicted from various perspectives in Figures 1 through 7 of the D'205 Patent.

27.      Balanced Body owns by assignment the entire right, title, and interest in the D'205 Patent.

28.      BHCC has directly infringed, and continues to directly infringe, the claim of the D'205 Patent under 35 U.S.C. § 271(a) by using knockoff Pilates reformers within the United States that embody the patented invention.  BHCC has been using Infringing Products that infringe the D'205 Patent at their facilities since at least mid-February 2026.  A comparison of Figures 1 through 7 in the D'205 Patent with the images of the Infringing Products depicted above from BHCC's website, Instagram account, and Facebook page readily demonstrates that the design of the Infringing Products is substantially the same, if not identical, to the patented design.

29.      Additionally, BHCC has indirectly infringed the D'205 Patent under 35 U.S.C. § 271(b).  BHCC's customers have directly infringed and continue to directly infringe the D'205 Patent by using the Infringing Products at BHCC's facility.  Further, BHCC has induced and encouraged its customers to directly infringe the D'205 Patent by, among other things, (i) using

10

4916-6585-6938, v. 1

Case No.
Complaint

images of the Infringing Products to advertise and promote its facility and Pilates classes on its website, Instagram account, and Facebook page (*see*, *e.g.*, Infringing Images 1 - 9)**;** and (ii) providing instructions regarding the use of the Infringing Products to its customers participating in Pilates classes at its facility.

30.    At least since March 4, 2026, BHCC has had knowledge of the D'205 Patent and has nonetheless continued to use, advertise, market, and provide instructions on the use of Infringing Products, with knowledge that such conduct infringes the D'205 Patent and with the specific intent to infringe the D'205 Patent.

31.    On March 4, 2026, Balanced Body provided BHCC with actual notice of its infringement of the D'205 Patent pursuant to 35 U.S.C. § 287, demanding that BHCC cease and desist from using the Infringing Products.  *See* Exhibit A.

32.    Upon receiving actual notice of its infringement, BHCC knew or should have known that its actions constituted direct and/or indirect infringement of the D'205 Patent and continued to use the Infringing Products in its business operations, thereby willfully infringing Balanced Body's patent rights.

### Count 2: Infringement of U.S. Design Patent No. D659,206

33.    Balanced Body realleges and incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

34.    U.S. Patent No. D659,206 ("D'206 Patent"), titled "Reformer Exercise Apparatus Frame," was duly and legally issued by the USPTO on May 8, 2012, as shown in attached Exhibit C.

35.    Balanced Body owns by assignment the entire right, title, and interest in the D'206 Patent.

11

4916-6585-6938, v. 1

Case No.
Complaint

36.     The invention of the D'206 Patent relates to the ornamental design for a reformer exercise apparatus frame. Views of the reformer exercise apparatus design are depicted from various perspectives in Figures 1 through 7 of the D'206 Patent.

37.     BHCC has directly infringed, and continues to directly infringe, the claim of the D'206 Patent under 35 U.S.C. § 271(a) by using knockoff Pilates reformers within the United States that embody the patented invention.  BHCC has been using Infringing Products that infringe the D'206 Patent at its facilities since at least mid-February 2026.  A comparison of Figures 1 through 7 in the D'206 Patent with the images of the Infringing Products depicted above from BHCC's website, Instagram account, and Facebook page readily demonstrates that the design of the Infringing Products is substantially the same, if not identical, to the patented design.

38.     Additionally, BHCC has indirectly infringed the D'206 Patent under 35 U.S.C. § 271(b).  BHCC's customers have directly infringed and continue to directly infringe the D'208 Patent by using the Infringing Products at BHCC's facility.  Further, BHCC has induced and encouraged its customers to directly infringe the D'208 Patent by, among other things, (i) using images of the Infringing Products to advertise and promote its facility and Pilates classes on its website, Instagram account, and Facebook page (*see, e.g.,* Infringing Images 1 - 9); and (ii) providing instructions regarding the use of the Infringing Products to its customers participating in Pilates classes at its facility.

39.     At least as of March 4, 2026, BHCC has had knowledge of the D'206 Patent and has continued to use, advertise, market, and provide instructions on the use of Infringing Products, with knowledge that such conduct infringes the D'206 Patent and with the specific intent to infringe the D'206 Patent.

12

4916-6585-6938, v. 1

Case No.
Complaint

40.    On March 4, 2026, Balanced Body provided BHCC with actual notice of the infringement pursuant to 35 U.S.C. § 287, demanding that BHCC cease and desist from using the Infringing Products.  *See* Exhibit A.

41.    Upon receiving actual notice of its infringement, BHCC knew or should have known that its actions constituted direct and/or indirect infringement of the D'206 Patent and continued to use the Infringing Products in its business operations, thereby willfully infringing Balanced Body's patent rights.

**Count 3: Infringement of Design Patent No. D659,208**

42.    Balanced Body realleges and incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

43.    U.S. Patent No. D659,208 ("D'208 Patent"), titled "Reformer Exercise Apparatus Footbar," was duly and legally issued by the USPTO on May 8, 2012, as shown in attached Exhibit D.

44.    The invention of the D'208 Patent relates to the ornamental design for a reformer exercise apparatus foot bar.  Views of the reformer exercise apparatus design are depicted from various perspectives in Figures 1 through 7 of the D'208 Patent.

45.    Balanced Body owns by assignment the entire right, title, and interest in the D'208 Patent.

46.    BHCC has directly infringed, and continues to directly infringe, the claim of the D'208 Patent under 35 U.S.C. § 271(a) by using knockoff Pilates reformers within the United States that embody the patented invention.  Specifically, BHCC has been using Infringing Products that infringe the D'208 Patent at its facilities since at least mid-February 2026.  A comparison of Figures 1 through 7 in the D'208 Patent with images of the Infringing Products

13

4916-6585-6938, v. 1

Case No.
Complaint

depicted above from BHCC's website, Instagram account, and Facebook page readily demonstrates that the design of the Infringing Products is substantially the same, if not identical, to the patented design.

47.    Additionally, BHCC has indirectly infringed the D'208 Patent under 35 U.S.C. § 271(b).  BHCC's customers have directly infringed and continue to directly infringe the D'208 Patent by using the Infringing Products at BHCC's facility.  Further, BHCC has induced and encouraged its customers to directly infringe the D'208 Patent by, among other things, (i) using images of the Infringing Products to advertise and promote its facility and Pilates classes on its website, Instagram account, and Facebook page (*see*, *e.g.,* Infringing Images 1 - 9); and (ii) providing instructions regarding the use of the Infringing Products to its customers participating in Pilates classes at its facility.

48.    At least as of March 4, 2026, BHCC has had knowledge of the D'208 Patent and has continued to use, advertise, market, and provide instructions on the use of Infringing Products, with knowledge that such conduct infringes the D'208 Patent and with the specific intent to infringe the D'208 Patent.

49.    On March 4, 2026, Balanced Body provided BHCC with actual notice of the infringement pursuant to 35 U.S.C. § 287, demanding that BHCC cease and desist from using the Infringing Products.  *See* Exhibit A.

50.    Upon receiving actual notice of its infringement, BHCC knew or should have known that its actions constituted direct and/or indirect infringement of the D'208 Patent and continued to use the Infringing Products in its business operations, thereby willfully infringing Balanced Body's patent rights.

14

4916-6585-6938, v. 1

Case No.
Complaint

## Count 4: Infringement of U.S. Patent No. 8,721,511

51.     Balanced Body realleges and incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

52.     U.S. Patent No. 8,721,511 ("'511 Patent"), titled "Reformer Exercise Apparatus," was duly and legally issued by the USPTO on May 13, 2014, as shown in attached Exhibit E.

53.     The invention of the '511 Patent relates to a reformer exercise apparatus of a new and contemporary design.

54.     Balanced Body owns by assignment the entire right, title, and interest in the '511 Patent.

55.     BHCC has directly infringed, and continues to directly infringe, one or more claims of the '511 Patent under 35 U.S.C. § 271(a) by using knockoff Pilates reformers within the United States that embody the patented invention.  BHCC has been using Infringing Products that infringe the '511 Patent at its facilities since at least mid-February 2026.

56.     The Infringing Products satisfy each and every element of one or more claims of the '511 Patent.

57.     For example, claim 1 of the '511 Patent recites:

A reformer exercise apparatus comprising:

a generally rectangular frame having a pair of parallel spaced side rail portions, a head end portion, and a foot end portion;

a movable carriage supported by the side rail portions for movement of the carriage between the head and foot end portions;

a bias member connected between the carriage and the foot end portion of the frame for biasing the carriage toward the foot end of the frame; and

a foot support member supported by the side rail portions

15

4916-6585-6938, v. 1

Case No.
Complaint

of the frame, wherein each of the side rail portions has an outer surface inverted generally U shape in transverse cross section, formed by an upright outer wall beginning at an outer bottom edge, extending substantially upright to an integral horizontal top wall merging into an inwardly and downwardly slanted inner wall and ending at an inner bottom edge spaced from the outer bottom edge.

58.     BHCC's Infringing Products, as depicted in Infringing Images 1 - 9, include a generally rectangular frame with parallel side rails, a movable carriage supported on the rails for movement between a head end and a foot end, and one or more coil springs connected between the carriage and the foot end to bias the carriage toward the foot end.  The apparatus further includes a foot support bar supported by the side rails.  On information and belief, the side rails of BHCC's apparatus include an upright wall, a horizontal wall, and a slanted inner wall forming an outwardly open slot that supports the foot bar assembly, as claimed in the '511 Patent.  BHCC's Infringing Products therefore practice each and every element of at least claim 1 of the '511 Patent.

59.     Additionally, BHCC has indirectly infringed the '511 Patent under 35 U.S.C. § 271(b).  BHCC's customers have directly infringed and continue to directly infringe the '511 Patent by using the Infringing Products at BHCC's facility.  Further, BHCC has induced and encouraged its customers to directly infringe the '511 Patent by, among other things, (i) using images of the Infringing Products to advertise and promote its facility and Pilates classes on its website, Instagram account, and Facebook page (*see*, *e.g.,* Infringing Images 1 - 9); and (ii) providing instructions regarding the use of the Infringing Products to its customers participating in Pilates classes at its facility.

60.     At least as of March 4, 2026, BHCC has had knowledge of the '829 Patent and has continued to use, advertise, market, and provide instructions on the use of Infringing

16

Case No.
Complaint

Products, with knowledge that such conduct infringes the '829 Patent and with the specific intent to

infringe the '511 Patent.

61.    On March 4, 2026, Balanced Body provided BHCC with actual notice of the infringement pursuant to 35 U.S.C. § 287, demanding that BHCC cease and desist from using the Infringing Products. *See* Exhibit A.

62.    Upon receiving actual notice of its infringement, BHCC knew or should have known that its actions constituted direct and/or indirect infringement of the '511 Patent and continued to use the Infringing Products in their business operations, thereby willfully infringing Balanced Body's patent rights.

**Count 5: Infringement of U.S. patent No. 8,915,829**

63.    U.S. Patent No. 8,915,829 ("'829 Patent"), titled "Reformer Exercise Apparatus," was duly and legally issued by the United States Patent and Trademark Office on December 23, 2014, as shown in attached Exhibit F.

64.    The invention of the '829 Patent relates to a reformer exercise apparatus of a new and contemporary design.

65.    Balanced Body owns by assignment the entire right, title, and interest in the '829 Patent.

66.    BHCC has directly infringed, and continues to directly infringe, one or more claims of the '829 Patent under 35 U.S.C. § 271(a) by using knockoff Pilates reformers within the United States that embody the patented invention. BHCC has been using Infringing Products that infringe the '511 Patent at its facilities since at least mid-February 2026.

17

4916-6585-6938, v. 1

Case No.
Complaint

67.    The Infringing Products satisfy each and every element of one or more claims of the '829 Patent.

68.    For example, claim 1 of the '829 Patent recites:

A reformer exercise apparatus comprising:

generally rectangular frame having a pair of parallel spaced side rail portions, a head end portion, and a foot end portion, wherein each of the side rail portions has an outer surface inverted generally U shape in transverse cross section, formed by an upright outer wall beginning at an outer bottom edge, extending substantially upright to an integral top wall merging into an inwardly and downwardly sloping inner wall and ending at an inner bottom edge spaced from the outer bottom edge;

a movable carriage supported by the side rail portions for movement of the carriage between the head and foot end portions;

a bias member connected between the carriage and the foot end portion of the frame for biasing the carriage toward the foot end of the frame; and

a foot support member supported by the side rail portions of the frame.

69.    BHCC's Infringing Products, as depicted in Infringing Images 1 – 9, include a generally rectangular frame with a pair of parallel spaced side rail portions, a head end portion, and a foot end portion.  Each side rail portion of the Infringing Products has an outer surface with an inverted generally U shape in transverse cross section, including an upright outer wall, a top wall, and an inwardly and downwardly sloping inner wall, as described in the '829 Patent.  The apparatus also includes a movable carriage that is supported by the side rail portions and is capable of moving between the head and foot end portions.  The apparatus further includes a bias member, such as one or more springs, connected between the carriage and the foot end portion of the frame, which biases the carriage toward the foot end of the frame.  The Infringing Products

18

4916-6585-6938, v. 1

Case No.
Complaint

include a foot support member (a foot bar) that is supported by the side rail portions of the frame. BHCC's Infringing Products therefore practice each and every element of at least claim 1 of the '829 Patent.

70.    Additionally, BHCC has indirectly infringed the '829 Patent under 35 U.S.C. § 271(b).  BHCC's customers have directly infringed and continue to directly infringe the '829 Patent by using the Infringing Products at BHCC's facility.  Further,  BHCC has induced and encouraged its customers to directly infringe the '829 Patent by, among other things, (i) using images of the Infringing Products to advertise and promote its facility and Pilates classes on its website, Instagram account, and Facebook page (*see*, *e.g.,* Infringing Images 1 - 9); and (ii) providing instructions regarding the use of the Infringing Products to its customers participating in Pilates classes at its facility.

71.    At least as of March 4, 2026, BHCC has had knowledge of the '829 Patent and has continued to use, advertise, market, and provide instructions on the use of Infringing Products, with knowledge that such conduct infringes the '829 Patent and with the specific intent to infringe the '829 Patent.

72.    On March 4, 2026, Balanced Body provided BHCC with actual notice of the infringement pursuant to 35 U.S.C. § 287, demanding that BHCC cease and desist from using the Infringing Products.  *See* Exhibit A.

73.    Upon receiving actual notice of its infringement, BHCC knew or should have known that its actions constituted direct and/or indirect infringement of the '829 Patent and continued to use the Infringing Products in their business operations, thereby willfully infringing Balanced Body's patent rights.

4916-6585-6938, v. 1

Case No.
Complaint

## Count 6: Infringement of U.S. Patent No. 9,132,311

74.     Balanced Body realleges and incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

75.     U.S. Patent No. 9,132,311 ("'311 Patent"), titled "Reformer Exercise Apparatus Footbar Support Assembly," was duly and legally issued by the USPTO on September 15, 2015, as shown in attached Exhibit G.

76.     The invention of the '311 Patent relates to a reformer exercise apparatus of a new and contemporary design.

77.     Balanced Body owns by assignment the entire right, title, and interest in the '311 Patent.

78.     BHCC has directly infringed, and continues to directly infringe, one or more claims of the '311 Patent under 35 U.S.C. § 271(a) by using knockoff Pilates reformers within the United States that embody the patented invention.  BHCC has been using Infringing Products that infringe the '311 Patent at its facilities since at least mid-February 2026.

79.     The Infringing Products satisfy each and every element of one or more claims of the '311 Patent.

80.     For example, claim 1 of the '311 Patent recites:

> A foot bar assembly for use on a reformer exercise apparatus having a generally rectangular frame with parallel side portions, a head end and a foot end, each side portion having a foot bar support feature extending along at least part of the side portion, the foot bar assembly comprising:
>
> a generally U shaped foot bar sized to span the parallel side portions when the foot bar assembly is installed on the reformer exercise apparatus, the foot bar having a first end and a second end; and
>
> a pair of foot bar support assemblies, wherein each foot bar support assembly comprises:

20

4916-6585-6938, v. 1

Case No.
Complaint

an elongated slide plate configured to be movably supported by the foot bar support feature of one of the side portions;

a hook plate parallel to the slide plate fastened to the slide plate;

a foot bar support arm rotatably and slidably fastened to the hook plate parallel to and alongside the hook plate and having an end fastened to one of the first and second ends of the foot bar; and

a locking member operably coupled to the hook plate to permit movement of the slide plate along the foot bar support feature only when the foot bar assembly is mounted on the foot bar support features of a reformer exercise apparatus and the foot bar support arm is in a predetermined position with respect to the hook plate and to prevent movement of the slide plate along the foot bar support feature when the foot bar support arm is in other than the predetermined position.

81.    On information and belief, BHCC's Infringing Products feature a U-shaped foot bar spanning the parallel side portions of the rectangular frame, with each end supported by an assembly comprising a slide plate, hook plate, a foot bar support arm, and a locking mechanism that restricts movement of the slide plate except when the support arm is in a specific position. BHCC's Infringing Products therefore practice each and every element of at least claim 1 of the '311 Patent.

82.    Additionally, BHCC has indirectly infringed the '311 Patent under 35 U.S.C. § 271(b). BHCC's customers have directly infringed and continue to directly infringe the '311 Patent by using the Infringing Products at Defendant's facility. Further, BHCC has induced and encouraged its customers to directly infringe the '311 Patent by, among other things, (i) using images of the Infringing Products to advertise and promote its facility and Pilates classes on its website, Instagram account, and Facebook page (*see, e.g.,* Infringing Images 1 - 9); and (ii)

21

4916-6585-6938, v. 1

Case No.
Complaint

providing instructions regarding the use of the Infringing Product to its customers participating in Pilates classes at its facility.

83.     At least as of March 4, 2026, Defendant has had knowledge of the '311 Patent and has continued to use, advertise, market, and provide instructions on the use of Infringing Products, with knowledge that such conduct infringes the '311 Patent and with the specific intent to infringe the '311 Patent.

84.     On March 4, 2026, Balanced Body provided BHCC with actual notice of the infringement pursuant to 35 U.S.C. § 287, demanding that BHCC cease and desist from using the Infringing Products.  *See* Exhibit A.

85.     Upon receiving actual notice of its infringement, BHCC knew or should have known that its actions constituted direct and/or indirect infringement of the '311 Patent and continued to use the Infringing Products in its business operations, thereby willfully infringing Balanced Body's patent rights.

### Count 7: Infringement of U.S. Patent No. 9,289,645

86.     Balanced Body realleges and incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

87.     U.S. Patent No. 9,289,645 ("'645 Patent"), titled "Reformer Exercise Apparatus Arm Cord Retraction Assembly," was duly and legally issued by the USPTO on March 22, 2016, as shown in attached Exhibit H.

88.     The invention of the '645 Patent relates to a reformer exercise apparatus of a new and contemporary design.

89.     Balanced Body owns by assignment the entire right, title, and interest in the '645 Patent.

22

4916-6585-6938, v. 1

Case No.
Complaint

90.     BHCC has directly infringed, and continues to directly infringe, one or more claims of the '645 Patent under 35 U.S.C. § 271(a) by using knockoff Pilates reformers within the United States that embody the patented invention.  BHCC has been using Infringing Products that infringe the '645 Patent at its facilities since at least mid-February 2026

91.     The Infringing Products satisfy each and every element of one or more claims of the '645 Patent.

92.     For example, claim 1 of the '645 Patent recites:

> An arm cord retraction assembly for use on reformer exercise apparatus having a generally rectangular frame supporting a carriage for reciprocal movement between a head end and a foot end of the frame, and a pair of arm cords extending from the carriage for a user on the carriage to grasp during exercise, the arm cord retraction assembly comprising:
>
> a pair of cord retraction devices configured to be fastened to an underside of the carriage, each cord retraction device having a frame carrying a rotatable spring biased reel therein adapted to be connected to a free end of one of the arm cords;
>
> a pair of latch assemblies configured to be mounted to the underside of the carriage, each latch assembly associated with one of the cord retraction devices, wherein the latch assemblies are operably connected mechanically together such that operation of one latch assembly to hold or release its arm cord causes the other of the latch assemblies to operate to hold and/or release the other arm cord.

93.     On information and belief, BHCC's Infringing Products include an arm cord retraction assembly; they feature a pair of cord retraction devices mounted to the underside of the carriage, each with a rotatable spring-biased reel connected to an arm cord, and a pair of latch assemblies mechanically linked such that the actuation of one latch assembly operates the other. BHCC's Infringing Products therefore practice each and every element of at least claim 1 of the '645 Patent.

4916-6585-6938, v. 1

Case No.
Complaint

94.    Additionally, BHCC has indirectly infringed the '645 Patent under 35 U.S.C. § 271(b).  BHCC's customers have directly infringed and continue to directly infringe the '645 Patent by using the Infringing Products at BHCC's facility.  Further, BHCC has induced and encouraged its customers to directly infringe the '645 Patent by, among other things, (i) using images of the Infringing Products to advertise and promote its facility and Pilates classes on its website, Instagram account, and Facebook page (*see*, *e.g.,* Infringing Images 1 - 9); and (ii) providing instructions regarding the use of the Infringing Products to its customers participating in Pilates classes at its facility.

95.    At least as of March 6, 2026, BHCC has had knowledge of the '645 Patent and has continued to use, advertise, market, and provide instructions on the use of Infringing Products, with knowledge that such conduct infringes the '645 Patent and with the specific intent to infringe the '645 Patent.

96.    On March 4, 2026, Balanced Body provided BHCC with actual notice of the infringement pursuant to 35 U.S.C. § 287, demanding that BHCC cease and desist from using the Infringing Products.  *See* Exhibit A.

97.    Upon receiving actual notice of its infringement, BHCC knew or should have known that its actions constituted direct and/or indirect infringement of the '645 Patent and continued to use the Infringing Products in its business operations, thereby willfully infringing Balanced Body's patent rights.

## DAMAGES AND RELIEF

98.    BHCC's continued willful infringement of Balanced Body's Asserted Patents is causing irreparable harm for which Balanced Body has no adequate remedy at law unless BHCC

24

Case No.
Complaint

is enjoined by this Court.  Under 35 U.S.C. § 283, Balanced Body is entitled to a preliminary and a permanent injunction against further infringement of the Asserted Patents.

99.    Balanced Body also seeks an award of all damages permitted by 35 U.S.C. § 284, including enhanced damages up to three times the amount of compensatory damages awarded.

100.    Balanced Body further seeks a declaration that this is an exceptional case and an award to Balanced Body of its attorneys' fees, costs, and expenses, pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Balanced Body respectfully requests that the Court grant relief in its favor and against BHCC as follows:

a.    A judgment that BHCC has infringed each of Balanced Body's Asserted Patents;

b.    A preliminary and a permanent injunction against BHCC and its affiliates, subsidiaries, assignees, employees, agents, or anyone acting in privity or concert with it from further infringement of Balanced Body's Asserted Patents without a license from Balanced Body, until the expiration of each of the Asserted Patents;

c.    A judgment for an accounting of all damages, past and future, sustained by Balanced Body as a result of the acts of infringement by BHCC;

d.     A judgment and order requiring BHCC to pay Balanced Body actual damages in the form of lost profits, or, in the alternative, other damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the patented inventions by BHCC, in accordance with 35 U.S.C. § 284;

25

4916-6585-6938, v. 1

Case No.
Complaint

e.     A judgment and order finding that BHCC's infringement has been willful and

trebling or otherwise increasing the damages owed to Balanced Body, pursuant to

35 U.S.C. § 284, because of BHCC's willful infringement;

f.     A judgment and order requiring BHCC to pay Balanced Body prejudgment and

post-judgment interest on the damages awarded;

g.     A judgment and order finding this to be an exceptional case and requiring BHCC

to pay the costs of this action (including all disbursements) and Balanced Body's

attorneys' fees as provided by 35 U.S.C. § 285; and

h.     Such other and further relief as the Court deems just and proper under the

circumstances.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.


Dated this 11th day of May, 2026.

WOODS, FULLER, SHULTZ & SMITH P.C

By: /s/ Tim R. Shattuck
Tim R. Shattuck
300 South Phillips Ave., Suite 300
Sioux Falls, SD 57117
tim.shattuck@woodsfuller.com

GREENBERG TAURIG, LLP
John R. Wahl
1144 15th St., Ste 3300
Denver, CO 80202
wahlj@gtlaw.com
*Attorneys for Balanced Body, Inc.*

26

4916-6585-6938, v. 1

JS 44   (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Balanced Body, Inc.

**DEFENDANTS**

Black Hills Core Collective, LLC

**(b)** County of Residence of First Listed Plaintiff   Sacramento County, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Pennington County, SD
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Woods Fuller Shultz & Smith, Tim R. Shattuck, 300 S. Phillips Ave, Ste 300, Sioux Falls, SD 57104
605-336-3890

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☒ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 U.S.C. § 101 et seq.

Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*      JUDGE _____   DOCKET NUMBER _____

DATE
5/11/2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Tim R. Shattuck

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.